# City of Princeton v. Martin.

March 23, 1943.

S. D. Hodge for appellant.

R. W. Lisanby and Gordon Lisanby for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In 1940, the City of Princeton improved Cadiz Street. An assessment of $1 per front foot was made against the abutting property owners. The sum of $284 was assessed against the appellee, Willis M. Martin, for property which the City contended fronted on the west side of the street. Martin paid $152 of the assessment, but refused to pay the remainder on the ground that he owned no other property fronting on the street. The chancellor ruled in favor of Martin, and the City is appealing.

In 1919, Martin became the owner of a part of a three-acre tract of land which was conveyed by A. G. Ratliff to H. M. Jones in 1881. The description of the land in the Ratliff deed follows:

"Three acres bounded on the north by College Street, on the east by Eagle Creek, on the south by the lot formerly owned by Gray Heirs, on the west by Tradewater Street and is the lot conveyed to A. G. Ratliff by John McGregor and wife November 2, 1877."

Eagle Creek is about 25 feet wide and runs along the west edge of Cadiz Street. The City is contending that

Martin's property goes to Cadiz Street, while he is contending that he owns only to the west bank of the creek by virtue of the Ratliff deed. The City contends also that, even if Martin's line runs to the thread of the creek, his property would still front on the street, because the stream constitutes a part of the street; but the record does not support this contention.

It is well settled in this jurisdiction that, where land is granted on a fresh water stream, the line extends to the thread of the main channel, unless it is clear from the grant that the intention was otherwise. Berry v. Snyder, 3 Bush 266, 96 Am. Dec. 219. It is clear, therefore, that the eastern boundary of the tract conveyed by Ratliff to Jones was to the center of Eagle Creek. When Jones conveyed the land to J. D. Rogers in 1919, who, in turn, conveyed it to Martin, a correction deed recited that he was conveying the same land which Ratliff conveyed to him in 1881. The deed from Rogers to Martin made reference to a stake on the west side of Cadiz Street and thence along the street. Likewise, when Martin conveyed a part of his property to R. T. Metcalfe, in 1928, he referred to the property as joining Cadiz Street. It is elementary, however, that neither the deed from Jones to Martin, nor that from the latter to Metcalfe could have conveyed any property beyond the center of the creek. We may say at this point that the proof shows a board fence has been maintained along the west bank of Eagle Creek for some 50 to 60 years, and neither Martin nor those who held before him have made any attempt to use any part of the creek. There is involved, therefore, no question of adverse possession.

For whatever it is worth, it is interesting to note that in 1940 a dispute arose between B. T. Daum, who owns the corner of the original Ratliff plot fronting on College and Cadiz Streets, and the City as to Daum's building a creamery over Eagle Creek and fronting on Cadiz Street. That litigation was ended under an arrangement whereby Daum paid the City $175 and the City gave him a quitclaim deed to the disputed property referring to its source of title "by dedication or condemnation more than thirty years ago." This would indicate that the City has been claiming for many years that it owns at least a part of Eagle Creek. If it does not, it naturally follows that the assessment should be made against the rightful owners of the small strip of

property extending from the center of Eagle Creek to the west edge of Cadiz Street.

While the record presents rather an unusual situation, and while there is some indication that Martin must have thought that he owned to the west edge of the street when he conveyed to Metcalfe, and likewise when he paid a sewer assessment, we can not escape the conclusion that the ruling of the chancellor was correct. The Ratliff deed shows clearly that the conveyance to Jones was only to Eagle Creek, which would carry the boundary to the thread of the stream; and Jones and those who have held the property subsequently have made no attempt to use any part of the stream. As pointed out heretofore, a board fence has been maintained along the western boundary of the stream for many years. We conclude, therefore, that the western boundary of Martin's property extends to the center of Eagle Creek.

Judgment affirmed.